RECEIPT # 55478

IN THE UNITED STATES DISTRICT COURT FOR AMOUNT $ 150 —
THE DISTRICT OF MASSACHUSETTS

SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4-23-04

| | |
|---|---|
| ESTATE OF ANGEL L. RIVERA, ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> SUNBRIDGE HEALTHCARE ) <br> CORPORATION, D/B/A ) <br> SUNBRIDGE CARE & ) <br> REHABILITATION FOR ) <br> WOOD MILL, ) <br> DEFENDANT. ) | No. _____ <br><br> **04 - 10810 NG** <br><br> MAGISTRATE JUDGE Alexander |

## NOTICE OF REMOVAL

To the Honorable Judges of said Court.

SunBridge Healthcare Corporation, d/b/a SunBridge Care & Rehabilitation for Wood Mill, a New Mexico corporation, the defendant in the above entitled action, respectfully shows to the Court:

1. The above action has been brought in the Superior Court, County of Essex, and is now pending therein. Said action was initially commenced on January 27, 2004 against SunBridge Healthcare Group, Inc. d/b/a SunBridge Care & Rehabilitation for Wood Mill, a Massachusetts corporation.

2. On February 27, 2004, the plaintiff subsequently moved to amend the complaint, with the defendant's consent, to change the misnamed defendant from SunBridge Healthcare Group, Inc. d/b/a SunBridge Care & Rehabilitation for Wood Mill to SunBridge Healthcare Corporation, d/b/a SunBridge Care & Rehabilitation for Wood Mill. The Essex Superior Court allowed the plaintiff's Motion to Amend on March 26, 2004.

1

3.  The parties are diverse because the plaintiff is a citizen of the Commonwealth of Massachusetts, and the defendant is a New Mexico corporation with its principal place of business in New Mexico. The defendant was previously unable to remove to federal court because the misnamed defendant, SunBridge Healthcare Group, Inc. was not an existing entity.

4.  Based on the claims the plaintiff alleges, it is anticipated that the plaintiff will seek damages in excess of the amount in controversy. Therefore, the matter in controversy exceeds, exclusive of costs and disbursements, the sum of $75,000. No change of citizenship of parties has occurred since the commencement of this action.

5.  Copies of all process, pleadings and orders served upon the petitioner are filed herewith.

WHEREFORE, the defendant prays that this action be removed from state court to this court as provided by law.

Dated: April 20, 2004

SunBridge Healthcare Corporation,
d/b/a SunBridge Care & Rehabilitation for Wood Mill,
By its attorneys,

_/s/ Jill Morrissey_
K. Scott Griggs        (BBO# 555988)
Michael Williams       (BBO# 634062)
Jill M. Morrissey      (BBO# 655272)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail hand telecopier on April 20, 2004

_/s/ Jill Morrissey_

2

THE LAW OFFICES OF
# STRUFFOLINO & ZAPPALA
ONE BRANCH STREET, SUITE 6
METHUEN, MA 01844
TELEPHONE: 978-682-7003
FACSIMILE: 978-682-6689

JAN 30 2004

MICHELE N. STRUFFOLINO**
ALFRED M. ZAPPALA*
MICHELLE Y. KAMINSKI*

**LICENSED IN MA & NH
*LICENSED IN MA

NEW HAMPSHIRE ADDRESS
P.O. BOX 181
SALEM, NH 03079
TEL. 603-898-0070

REPLY TO:

January 26, 2004

Essex Superior Court Department
34 Federal Street
Salem, MA 01970
Attn: Civil Clerk

Re: The Estate of Angel L. Rivera vs. Sunbridge Health Care Group, Inc., d/b/a Sunbridge Care & Rehabilitation Wood Mill

Dear Sir or Madam:

Enclosed herewith please find the following documents for filing:

1. Civil Action Cover Sheet;
2. Complaint; and
3. Check in the amount of $275.00.

Please provide my office with a Docket Number, Summons and Tracking Order at your earliest convenience.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

Michele N. Struffolino/mjm
Enclosures
cc: Yadiris Rivera
    Tracey Linley (Cambridge Integrated Services Group, Inc.)

## COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

ESSEX, SS.

SUPERIOR COURT
DOCKET NO.

THE ESTATE OF ANGEL L. RIVERA,
    Plaintiff

v.

COMPLAINT

SUNBRIDGE HEALTH CARE GROUP, INC. d/b/a
SUNBRIDGE CARE & REHABILITATION
WOOD MILL,
    Defendant

### PARTIES

1. The Plaintiff, Angel Rivera (hereinafter referred to as "Mr. Rivera") who is deceased, was a natural person residing as a patient and occupant of the SunBridge Care & Rehabilitation - Wood Mill, 800 Essex Street, Lawrence, Essex County, Commonwealth of Massachusetts. Yadiris Rivera of 882 Shawmut Avenue, New Bedford, Bristol County, Commonwealth of Massachusetts is the surviving child of Angel L. Rivera has filed a petition in the Essex County Probate and Family Court to be appointed as the Administratrix of the Estate of Angel L. Rivera.

2. The Defendant, SunBridge Health Care Group, Inc. if 101 Sun Avenue NE, Albuquerque, NM owns and operates SunBridge Care & Rehabilitation - Wood Mill (hereinafter referred to as "SunBridge"), a nursing home and rehabilitation center located at 800 Essex Street, Lawrence, Essex County, Commonwealth of Massachusetts.

### STATEMENT OF FACTS

3. At the times herein stated SunBridge owned and operated a nursing home and/or nursing center facility located at 800 Essex Street, Lawrence, Essex County, Commonwealth of Massachusetts.

4. At the times herein stated, Mr. Rivera was a patient and occupant of SunBridge nursing home facility located at 800 Essex Street, Lawrence, Essex County, Commonwealth of Massachusetts.

5. On or about March 7, 2002, at approximately 7:00 p.m., Mr. Rivera was lying in a bed in the room he occupied at SunBridge. Mr. Rivera fell from his bed to the floor as a result of a defective and/or dangerous condition, including the condition of the bed.

6. As a result of the fall, Mr. Rivera was caused to sustain serious injury a strike to his head, which resulted in a lump to the right side of his head and injury to the right side of his body.

7. On or about March 8, 2003 at approximately 3:30 a.m., Mr. Rivera was transported from SunBridge to the Lawrence General Hospital, Lawrence, Massachusetts. Mr. Rivera was unconscious and unresponsive.

8. As a result of the fall, Mr. Rivera sustained serious injuries and pain and suffering which resulted in his death on March 9, 2002 at the Lawrence General Hospital.

## COUNT 1 - NEGLIGENCE/RECKLESS CONDUCT

9. The Plaintiff repeats, realleges and incorporates herein paragraphs 1 through 9 of this Complaint.

10. On or about March 7, 2002, the Defendant so negligently, carelessly and recklessly maintained the facility and cared for Mr. Rivera so as to cause Mr. Rivera to fall from his bed and sustain serious injury.

11. The Defendant failed to exercise reasonable care to eliminate dangers and defects in the bed and to care for Mr. Rivera, who was a patient and occupant of the facility owned and operated by the Defendant.

12. As a result of the negligence, carelessness and recklessness of the Defendant, Mr. Rivera sustained serious personal injuries and pain and suffering which was a direct cause of his death on or about March 9, 2002.

## COUNT 11 - WRONGFUL DEATH

13. The Plaintiff repeats, realleges and incorporates herein paragraph 1 through 13 of this Complaint.

14. On or about March 7, 2002, the Defendant's negligent conduct and/or act in failing to maintain the facility that which Mr. Rivera was a patient and occupant, caused Mr. Rivera's death.

15. Mr. Rivera would have recovered damages for personal injuries if his death had not resulted, which was caused by the Defendant's negligent and/or reckless conduct and/or act.

16. As a result of the negligent and/or reckless conduct and/or act of the Defendant, Mr. Rivera sustained serious personal injuries, which resulted in his death on or about March 9, 2002.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff demands the following:

1. That this Court determine the actions of the Defendant were negligent and reckless and enter judgment for the Plaintiff on Count I;

2. That this Court determine the actions of the Defendant caused the wrongful death of the Plaintiff pursuant to G.L. c. 229, § 2 and enter judgment for the Plaintiff on Count II;

3. That this Court award the Plaintiff damages as determined at trial, plus interests, costs and attorney's fees as provided by law; and

4. For such other relief as the Court deems just and proper.

Dated: January 26, 2004

Respectfully submitted,
THE ESTATE OF ANGEL L. RIVERA
By its attorney,

Michele N. Struffolino
LAW OFFICES OF STRUFFOLINO & ZAPPALA
One Branch Street, Suite 6
Methuen, MA 01844
(978) 682-7003
BBO# 554872

THE LAW OFFICES OF
# STRUFFOLINO & ZAPPALA
ONE BRANCH STREET, SUITE 6<br>
METHUEN, MA 01844<br>
TELEPHONE: 978-682-7003<br>
FACSIMILE: 978-682-6689

MICHELE N. STRUFFOLINO**  
ALFRED M. ZAPPALA*  
MICHELLE Y. KAMINSKI*

**LICENSED IN MA & NH  
*LICENSED IN MA

NEW HAMPSHIRE ADDRESS  
P.O. BOX 181  
SALEM, NH 03079  
TEL. 603-898-0070

REPLY TO:

March 22, 2004

Essex Superior Court - Lawrence  
**Attn: Civil Clerk**  
43 Appleton Way  
Lawrence, MA 01841

    Re:    Estate of Angel L. Rivera v. SunBridge Healthcare Corporation  
             Docket No. ESCV2004-00129-D

Dear Sir or Madam:

Enclosed herewith please find the following documents for filing in the above-referenced matter:

    1.    Assented to Motion to Amend Complaint; and  
    2.    Amended Complaint.

Kindly handle in your usual manner. If you have any questions, please feel free to contact me.

Thank you for your anticipated courtesy and cooperation in this matter.

                              Very truly yours,

                              Michele N. Struffolino

Enclosures  
cc:    Michael Williams, Esq.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
DOCKET NO: ESCV2004-00129-D

THE ESTATE OF ANGEL L. RIVERA,
         Plaintiff

vs.

SUNBRIDGE HEALTHCARE CORPORATION
d/b/a SUNBRIDGE CARE & REHABILITATION
FOR WOOD MILL,
         Defendant

### ASSENTED TO MOTION TO AMEND COMPLAINT

NOW COMES the party in the above-captioned matter and moves that the Court allow the Plaintiff to amend its complaint to reflect the correct name of the Defendant Company, SunBridge Healthcare Corporation d/b/a SunBridge Care & Rehabilitation for Wood Mill. The Plaintiff's attorney and Defendant's attorney assent to the Amended Complaint.

DATED: March 22, 2004

SunBridge Healthcare Corporation
d/b/a SunBridge Care & Rehabilitation
for Wood Mill,

_Michael William / MyuTHanks_
Michael Williams, Esquire
LAWSON & WEITZEN, LLP
attorney for SunBridge Healthcare Corporation
d/b/a SunBridge Care & Rehabilitation
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414
(617) 439-4990

Respectfully submitted.

The Estate of Angel L. Rivera
By its attorney,

_Michele N. Struffolino_
Michele N. Struffolino
LAW OFFICES OF STRUFFOLINO & ZAPPALA
1 Branch Street, Suite 6
Methane, MA 01844
(978) 682-7003
BB.O.# 554872

MAR-22-2004 15:54  LAWSON AND WEITZEN LLP  617 439 3987  P.02/02
MAR-16-2004 12:02  LAWSON & WEITZEN
MAR-16-2004 TUE 01:03 PM STRUFFOLINO & ZAPPALA  FAX NO. 9784703079  P. 03

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.　　　　　　　　　　　　　　　SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　DOCKET NO: ESCV2004-00129-D

THE ESTATE OF ANGEL L. RIVERA,
　　　　Plaintiff

vs.

SUNBRIDGE HEALTHCARE CORPORATION
d/b/a SUNBRIDGE CARE & REHABILITATION
FOR WOOD MILL,
　　　　Defendant

## ASSENTED TO MOTION TO AMEND COMPLAINT

NOW COMES the party in the above-captioned matter and moves that the Court allow the Plaintiff to amend its complaint to reflect the correct name of the Defendant Company, SunBridge Healthcare Corporation d/b/a SunBridge Care & Rehabilitation for Wood Mill. The Plaintiff's attorney and Defendant's attorney assent to the Amended Complaint.

DATED: March _____, 2004　　　　　　　Respectfully submitted,

SunBridge Healthcare Corporation　　　　The Estate of Angel L. Rivera
d/b/a SunBridge Care & Rehabilitation　　By its attorney,
for Wood Mill,

_____　　　　　　_____
Michael Williams, Esquire　　　　　　　Michele N. Struffolino
LAWSON & WEITZEN, LLP　　　　　　　　LAW OFFICES OF STRUFFOLINO & ZAPPALA
attorney for SunBridge Healthcare Corporation　1 Branch Street, Suite 6
d/b/a SunBridge Care & Rehabilitation　　Methuen, MA 01844
88 Black Falcon Avenue, Suite 345　　　(978) 682-7003
Boston, MA 02210-2414　　　　　　　　B.O.# 554872
(617) 439-4990

TOTAL P.02

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

ESSEX, SS.                                          SUPERIOR COURT
                                                    DOCKET NO.

THE ESTATE OF ANGEL L. RIVERA,
     Plaintiff

v.                                                  AMENDED COMPLAINT

SUNBRIDGE HEALTHCARE CORPORATION d/b/a
SUNBRIDGE CARE & REHABILITATION FOR
WOOD MILL,
     Defendant

## PARTIES

1. The Plaintiff, Angel Rivera (hereinafter referred to as "Mr. Rivera") who is deceased, was a natural person residing as a patient and occupant of the SunBridge Care & Rehabilitation for Wood Mill, 800 Essex Street, Lawrence, Essex County, Commonwealth of Massachusetts. Yadiris Rivera of 882 Shawmut Avenue, New Bedford, Bristol County, Commonwealth of Massachusetts is the surviving child of Angel L. Rivera has filed a petition in the Essex County Probate and Family Court to be appointed as the Administratrix of the Estate of Angel L. Rivera.

2. The Defendant, SunBridge Healthcare Corporation of 101 Sun Avenue NE, Albuquerque, NM owns and operates SunBridge Care & Rehabilitation for Wood Mill (hereinafter referred to as "SunBridge"), a nursing home and rehabilitation center located at 800 Essex Street, Lawrence, Essex County, Commonwealth of Massachusetts.

## STATEMENT OF FACTS

3. At the times herein stated SunBridge owned and operated a nursing home and/or nursing center facility located at 800 Essex Street, Lawrence, Essex County, Commonwealth of Massachusetts.

4. At the times herein stated, Mr. Rivera was a patient and occupant of SunBridge nursing home facility located at 800 Essex Street, Lawrence, Essex County, Commonwealth of Massachusetts.

5. On or about March 7, 2002, at approximately 7:00 p.m., Mr. Rivera was lying in a bed in the room he occupied at SunBridge. Mr. Rivera fell from his bed to the floor as a result of a defective and/or dangerous condition, including the condition of the bed.

6. As a result of the fall, Mr. Rivera was caused to sustain serious injury a strike to his head, which resulted in a lump to the right side of his head and injury to the right side of his body.

7. On or about March 8, 2003 at approximately 3:30 a.m., Mr. Rivera was transported from SunBridge to the Lawrence General Hospital, Lawrence, Massachusetts. Mr. Rivera was unconscious and unresponsive.

8. As a result of the fall, Mr. Rivera sustained serious injuries and pain and suffering which resulted in his death on March 9, 2002 at the Lawrence General Hospital.

## COUNT 1- NEGLIGENCE/RECKLESS CONDUCT

9. The Plaintiff repeats, realleges and incorporates herein paragraphs 1 through 9 of this Complaint.

10. On or about March 7, 2002, the Defendant so negligently, carelessly and recklessly maintained the facility and cared for Mr. Rivera so as to cause Mr. Rivera to fall from his bed and sustain serious injury.

11. The Defendant failed to exercise reasonable care to eliminate dangers and defects in the bed and to care for Mr. Rivera, who was a patient and occupant of the facility owned and operated by the Defendant.

12. As a result of the negligence, carelessness and recklessness of the Defendant, Mr. Rivera sustained serious personal injuries and pain and suffering which was a direct cause of his death on or about March 9, 2002.

## COUNT 11 - WRONGFUL DEATH

13. The Plaintiff repeats, realleges and incorporates herein paragraph 1 through 13 of this Complaint.

14. On or about March 7, 2002, the Defendant's negligent conduct and/or act in failing to maintain the facility that which Mr. Rivera was a patient and occupant, caused Mr. Rivera's death.

15. Mr. Rivera would have recovered damages for personal injuries if his death had not resulted, which was caused by the Defendant's negligent and/or reckless conduct and/or act.

16. As a result of the negligent and/or reckless conduct and/or act of the Defendant, Mr. Rivera sustained serious personal injuries, which resulted in his death on or about March 9, 2002.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff demands the following:

1. That this Court determine the actions of the Defendant were negligent and reckless and enter judgment for the Plaintiff on Count I;

2. That this Court determine the actions of the Defendant caused the wrongful death of the Plaintiff pursuant to G.L. c. 229, § 2 and enter judgment for the Plaintiff on Count II;

3. That this Court award the Plaintiff damages as determined at trial, plus interests, costs and attorney's fees as provided by law; and

4. For such other relief as the Court deems just and proper.

Dated: March 22, 2004

Respectfully submitted,
THE ESTATE OF ANGEL L. RIVERA
By its attorney,

*Michele N. Struffolino*
Michele N. Struffolino
LAW OFFICES OF STRUFFOLINO & ZAPPALA
One Branch Street, Suite 6
Methuen, MA 01844
(978) 682-7003
BBO# 554872

## CERTIFICATE OF SERVICE

I, Michele N. Struffolino hereby certify that I have served a copy of the foregoing **Assented to Motion to Amend Complaint and Amended Complaint**, to the Defendants's attorney, Michael Williams, Esquire, LAWSON & WEITZEN, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210-2424 by mail, postage prepaid on this _____ day of March, 2004.

                                                            Michele N. Struffolino

**Commonwealth of Massachusetts**
**County of Essex**
**The Superior Court**

Civil Docket **ESCV2004-00129**

RE: Estate of Angel Rivera v Sunbridge Health Care Group Inc

TO: Michael Williams, Esquire
Lawson & Weitzen
88 Black Falcon Avenue
Suite 345
Boston, MA 02210-2414

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **03/26/2004**:

*RE: Plaintiff's assented to MOTION to amend complaint to reflect the correct name of the defendant*

**is as follows:**

**MOTION (P#4) ALLOWED (Patrick Riley, Justice) Notices mailed March 29, 2004**

Dated at Lawrence, Massachusetts this 29th day of March, 2004.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:

Edward D. Sullivan
Assistant Clerk

Telephone: (978) 687-7463

Copies mailed 03/29/2004

# LAWSON & WEITZEN, LLP
ATTORNEYS AT LAW

88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

**BOSTON**
TELEPHONE (617) 439-4990
TELECOPIER (617) 439-3987
EMAIL: POST@LAWSON-WEITZEN.COM
WWW.LAWSON-WEITZEN.COM

**CAPE COD**
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT
BREWSTER, MASSACHUSETTS 02631
TELEPHONE (508) 255-3600

EVAN T. LAWSON
RICHARD B. WEITZEN *
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN ***
VALERIE L. PAWSON
GEORGE F. HAILER +
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO
WILLIAM F. COYNE, JR.
DAVID A. RICH *
DENNIS J. MANESIS ††

NATALIE A. KANELLIS †
PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS
MICHAEL J. McDEVITT
MARTIN S. EBEL ††
J. MARK DICKISON **
CLARE B. BURHOE
ROBERT J. ROUGHSEDGE +++
CAROLINE A. O'CONNELL *
JILL M. MORRISSEY
MARISSA A. GOLDBERG
MICHAEL WILLIAMS
NICOLE L. JOHNSON
KATHRYN E. PIECZARKA

April 6, 2004

Essex Superior Court - Lawrence
Civil Clerk's Office
43 Appleton Way
Lawrence, MA 01841

Re: *Estate of Angel L. Rivera v. SunBridge Healthcare Corporation d/b/a SunBridge Care & Rehabilitation for Wood Mill*, Civil Action No. 2004-00129-D

Dear Sir or Madam:

Enclosed for filing, please find SunBridge Healthcare Corporation's Answer to the Amended Complaint. Please do not hesitate to contact me at 617.439.4990 with any questions.

Very truly yours,

*Jill Morrissey*

Jill M. Morrissey

Encl.
cc: Michele N. Struffolino, Esq.
Struffolino & Zappala
One Branch Street, Suite 6
Methuen, MA 01844

K. Scott Griggs, Esq.
Robert J. Roughsedge, Esq.

* ALSO ADMITTED IN NY
** ALSO ADMITTED IN NH
*** ALSO ADMITTED IN CA
+ ALSO ADMITTED IN DC
†† ALSO ADMITTED IN NJ & PA
+++ ALSO ADMITTED IN RI, CT, NH & ME
† ALSO ADMITTED IN NH & NY

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                           SUPERIOR COURT DEPARTMENT
                                    OF THE TRIAL COURT
                                    CIVIL ACTION No. ESCV2004-00129-D

The Estate of ANGEL L. RIVERA,

   *Plaintiff,*

v.                                                **ANSWER TO AMENDED COMPLAINT**

SUNBRIDGE HEALTHCARE CORPORATION,
D/B/A, SUNBRIDGE CARE &
REHABILITATION FOR WOOD MILL,

   *Defendant.*

Now comes the Defendant, SunBridge Healthcare Corporation d/b/a SunBridge Care & Rehabilitation for Wood Mill.

### PARTIES

1.   The Defendant admits the first sentence of Paragraph 1 of the Complaint and is without sufficient knowledge or information at this time to either admit or deny the allegations contained in the second sentence of Paragraph 1 of the Complaint.

2.   Admitted that the Defendant operates a skilled nursing facility at that location. The Defendant denies the remaining allegations as stated.

### STATEMENT OF FACTS

3.   The Defendant admits that it operated a skilled nursing facility at that location. The Defendant denies the remaining allegations as stated.

4.   The Defendant admits that Mr. Rivera was at certain times a resident of said facility. The Defendant denies the remaining allegations as stated.

5.   Denied.

6.   Denied as stated.

7.   The Defendant is without sufficient knowledge or information at this time to either admit or deny the allegations contained in the second sentence of Paragraph 6 of the Complaint.

8.   Denied.

## COUNT I

9.   The Defendant restates its answers to the allegations contained in Paragraphs 1 through 8 as if fully stated herein.

10.  Denied.

11.  Denied.

12.  Denied.

**WHEREFORE**, the Defendant requests that this Court dismiss the action against Defendant SunBridge Healthcare Corporation d/b/a SunBridge Care & Rehabilitation for Wood Mill, with costs.

## COUNT II

13.  The Defendant restates its answers to the allegations contained in Paragraphs 1 through 12 as if fully stated herein.

14.  Denied.

15.  Denied.

16.  Denied.

**WHEREFORE**, the Defendant requests that this Court dismiss the action against Defendant SunBridge Healthcare Corporation d/b/a SunBridge Care & Rehabilitation for Wood Mill, with costs.

### FIRST AFFIRMATIVE DEFENSE

Pursuant to Mass.G.L. c. 231, §60B, it is requested that a tribunal be convened within fifteen (15) days to afford the plaintiff an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial injury.

### SECOND AFFIRMATIVE DEFENSE

If the Plaintiff suffered the injuries or damages alleged, such injuries or damages were caused, in whole or in part, by someone for whose conduct the Defendant was not and is not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

The amount of recovery for alleged conscious pain and suffering, if any, is limited by the provision set forth in Mass.Gen.L. c. 231, §60H.

### FOURTH AFFIRMATIVE DEFENSE

The amount of recovery for past and future medical expenses, if any, is limited by the provision set forth in Mass.Gen.L. c. 231, §60G.

### FIFTH AFFIRMATIVE DEFENSE

The claims contained in the Complaint are barred, in whole or in part, by the doctrine comparative negligence.

SIXTH AFFIRMATIVE DEFENSE

Any and all care provided to the Plaintiff was performed in accordance with the applicable standards, Massachusetts Statutes, the Code of Massachusetts Regulations and applicable federal regulations.

SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs claims are barred by the applicable statute of limitations.

JURY DEMAND

The Defendant, SunBridge Healthcare Corporation d/b/a SunBridge Care & Rehabilitation for Wood Mill, demands a jury trial on all issues so triable.

Dated:

SunBridge Healthcare Corporation d/b/a SunBridge Care & Rehabilitation for Wood Mill,

By its Attorneys,

K. Scott Griggs (BBO# 555988)
Robert J. Roughsedge (BBO# 638180)
Jill M. Morrissey (BBO# 655272)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by First Class Mail.

Dated: April 6, 2004

4

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW

88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

BOSTON
TELEPHONE (617) 439-4990
TELECOPIER (617) 439-3987
EMAIL: POST@LAWSON-WEITZEN.COM
WWW.LAWSON-WEITZEN.COM

CAPE COD
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT
BREWSTER, MASSACHUSETTS 02631
TELEPHONE (508) 255-3600

EVAN T. LAWSON
RICHARD B. WEITZEN *
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN ***
VALERIE L. PAWSON
GEORGE F. HAILER †
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO
WILLIAM F. COYNE, JR.
DAVID A. RICH *
DENNIS J. MANESIS ††

NATALIE A. KANELLIS †
PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS
MICHAEL J. McDEVITT
MARTIN S. EBEL ††
J. MARK DICKISON **
CLARE B. BURHOE
ROBERT J. ROUGHSEDGE +++
CAROLINE A. O'CONNELL *
JILL M. MORRISSEY
MARISSA A. GOLDBERG
MICHAEL WILLIAMS
NICOLE L. JOHNSON
KATHRYN E. PIECZARKA

April 20, 2004

**VIA OVERNIGHT MAIL**

United Stated District Court for the District of Massachusetts
John Joseph Moakley Courthouse
Civil Clerk's Office
1 Courthouse Way
Boston, MA 02210

Re:   Estate of Angel Rivera v. SunBridge Healthcare Corporation d/b/a SunBridge
      Care & Rehabilitation

Dear Sir or Madam:

Enclosed for filing in the above-referenced matter, please find one original and one copy of the Notice of Removal. Kindly file the same in your usual manner and date stamp the enclosed copy and return it to me in the enclosed envelope. Please do not hesitate to contact me at 617.439.4990 with any questions.

Very truly yours,

Jill M. Morrissey

Encl.
cc:   Michele N. Struffolino, Esq. (via U.S. Mail)
      Struffolino & Zappala
      One Branch Street, Suite 6
      Methuen, MA 01844

      K. Scott Griggs, Esq.
      Robert J. Roughsedge, Esq.

* ALSO ADMITTED IN NY
** ALSO ADMITTED IN NH
*** ALSO ADMITTED IN CA
† ALSO ADMITTED IN DC
†† ALSO ADMITTED IN NJ & PA
+++ ALSO ADMITTED IN RI, CT, NH & ME
† ALSO ADMITTED IN NH & NY
†† ALSO ADMITTED IN MI